IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PATRICK LEE HORATH,

        Petitioner,

v.

JAMIE MILLER,

        Respondent.

Case No. 2:24-cv-01887-SI

OPINION AND ORDER

Megan McVicar
Hoevet Olson, PC
1000 Broadway, Suite 1740
Portland, OR 97205

        Attorney for Petitioner

Dan Rayfield, Attorney General
Daniel Toulson, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

        Attorneys for Respondent

1 – OPINION AND ORDER

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his Coos County Amended Judgment dated July 12, 2010. Because Petitioner failed to file this case in a timely manner, the Petition for Writ of Habeas Corpus (#1) is dismissed.

## BACKGROUND

The victim in this case, Jayme Austin, was reported missing on November 9, 2009, and police interviewed Petitioner that same day. Petitioner, who lived with his wife on the same property as Ms. Austin, initially denied having any knowledge about her disappearance. Law enforcement noticed scratches on Petitioner's back that they found suspicious, even though Petitioner claimed to have received them from working in close proximity to blackberry bushes.

Police interviewed Petitioner again the following day, and they found his statements to contain numerous inconsistencies. They soon learned that Petitioner had been involved in a past physical altercation with Ms. Austin. Petitioner agreed to take a polygraph test, which he failed. This prompted yet another interview with law enforcement officials where Petitioner repeatedly changed his story.

After initially claiming he did not know anything about Austin's disappearance, he admitted to having sexual contact with her on the day she vanished but continued to insist that he knew nothing of her disappearance. However, he later admitted that he found Ms. Austin's deceased body in her mother's bathroom and, fearing he might be blamed for her death, informed officers that he cleaned the bathroom, wrapped the body in a plastic sheet, drove to a forested area, and buried her body. He then accompanied law enforcement officers to the forest and showed them precisely where he had buried Austin. An autopsy showed that Ms. Austin had been beaten,

sexually assaulted, and then strangled to death. It also revealed Petitioner's semen in Austin's vagina and anus, as well as vaginal tearing consistent with a sexual assault.

The Coos County Grand Jury indicted Petitioner on two counts of Aggravated Murder, three counts of Murder, and one count of Sexual Abuse in the First Degree. Petitioner, facing a possible death sentence if he proceeded to trial, ultimately elected to plead guilty to one count of Aggravated Murder. In exchange, the State agreed to recommend a sentence of life in prison with the possibility of parole after 30 years and lifetime post-prison supervision. It also dismissed the remaining charges. The Coos County Circuit Court imposed the stipulated sentence. Because the initial Judgment lacked the term of post-prison supervision the Circuit Court had imposed, it issued an Amended Judgment curing this deficiency on July 12, 2010.

Petitioner had 30 days to initiate a direct appeal, but did not do so, Instead, he proceeded to file for post-conviction relief ("PCR") in Malheur County on May 11, 2011. The PCR court appointed counsel to represent him, and counsel filed an Amended PCR Petition on June 8, 2012. On September 16, 2013, counsel filed a trial memorandum on Petitioner's behalf. However, 11 days later, she moved to dismiss the case. Respondent's Exhibit 122. Counsel supported the Motion to Dismiss with her own Affidavit in which she stated that she, her investigator, and a forensic expert had all met with Petitioner to discuss with him what could happen if he prevailed in this PCR action. She stated that after explaining the possible outcomes Petitioner faced, he expressed his desire to dismiss the PCR action. *Id.* at 5. The PCR court granted the Motion on September 30, 2013 but, for reasons that are not clear, the PCR judge did not sign the Judgment until February 26, 2015.

In the meantime, almost 17 months after the PCR order of dismissal, but just two days before the PCR court signed the Judgment, Petitioner filed a new PCR case in Malheur County

3 – OPINION AND ORDER

where he was again appointed counsel to represent him. In his new PCR Petition, he stated that he had not been aware that he was voluntarily dismissing his first PCR case and that he had never agreed to such a dismissal. Respondent's Exhibit 126, p. 1. He also claimed that he had newly discovered evidence of his innocence in the form of a confession comprised of "a declaration from the head of the family of the person responsible for the death of Ms. Austin and a letter to [first PCR counsel] dated on December 4, 2013[.]" *Id.* at 2-3.

The State moved for summary judgment because: (1) the second PCR action was not filed within the applicable two-year statute of limitations imposed by 138.510(3)(a); and (2) the claims Petitioner raised in his second PCR action were not new claims, thus they did not fit within Oregon's so-called "escape clause" articulated within ORS 135.510(3) and ORS 138.550(3).[1] Respondent's Exhibit 129. The State relied upon counsel's Affidavit from Petitioner's first PCR proceeding wherein she had stated when moving to dismiss the action that it was Petitioner's intention to voluntarily dismiss the case.

For his part, Petitioner asserted that even though his second PCR case was both successive and untimely, ORS 138.510(3)(a) and ORS 138.550(3) permitted him to maintain the action because he was raising claims that he could not have reasonably raised in his first PCR action. Specifically, he claimed that because his appointed PCR attorney in the first action had dismissed the case without his knowledge, it made it impossible for him to present his claims for disposition. The PCR court granted summary judgment in the State's favor, finding that Petitioner was not credible in his assertion that he had no knowledge that counsel was dismissing his case.

---

[1] ORS 138.510(3)(a) provides that a PCR litigant must file his petition within two years of the finality of his criminal judgment, unless there are grounds for relief that could not reasonably have been raised previously. ORS 138.550(3) provides that all grounds for relief must be raised in an original or amended PCR petition, and any grounds not so raised are deemed waived unless they could not have been reasonably raised in the earlier petition.

4 – OPINION AND ORDER

Respondent's Exhibit 133, p. 1. It also concluded that Petitioner's assertion of actual innocence failed to state a viable PCR claim, was not based on any new information, and was actually raised in the first PCR case. *Id.* at 3.

Petitioner appealed, and the Oregon Court of Appeals reversed. The State conceded, and the Oregon Court of Appeals found: (1) Petitioner submitted evidence in the second PCR case that could permit a reasonable factfinder to conclude that the first PCR action was dismissed without his knowledge or consent; (2) the PCR court improperly based its decision on a credibility assessment at the summary judgment stage where it was required to view the evidence in the light most favorable to Petitioner. Respondent's Exhibit 136, p. 2. The Oregon Court of Appeals also concluded that whether Petitioner's claim of actual innocence was cognizable in a PCR action should be explored more fully. *Id.* at 3. It therefore remanded the case to the PCR court for further proceedings.

On remand, Petitioner once again sought to establish that he did not have a reasonable opportunity to present his claims in his first PCR action because his attorney dismissed the case without his knowledge, thus his second PCR action was properly filed. The PCR court admitted many exhibits and held an extensive hearing before it concluded that the second PCR action was untimely and improperly successive because Petitioner did, in fact, acquiesce to the dismissal of his first PCR action:

> Petitioner did not prove that his is an extraordinary case that qualifies under the "escape clause." Petitioner's claim that the dismissal was without his consent is not credible because Petitioner is not credible. The entire record reflects that Petitioner will lie and fabricate evidence to avoid responsibility of his crime. When Ms. Austin disappeared, he lied to her family. He lied to the police repeatedly. He lied to his defense attorney giving constantly changing accounts of what happened. In this proceeding he has fabricated an extensive story about someone else committing the

5 – OPINION AND ORDER

> crime using obviously forged documents. No one has produced any evidence that Bill Cooper, John Swift and others named by Petitioner in his ruse even exist, much less that they were involved in Ms. Austin's death. None of the information about someone else committing the murder and directing Petitioner to go to Ms. Gisholt's house to clean up the mess was ever mentioned to his trial attorney or defense team. At the time of his plea, Petitioner advised that court that he intentionally caused the death of Ms. Austin in the course of committing the crime of Sexual Abuse in the First Degree.

Respondent's Exhibit 286, pp. 4-5.

The PCR judge also determined that "Petitioner was aware of and consented to the dismissal of his initial PCR claim." *Id.* at 5. He highlighted that, despite the fact that the initial PCR case had a trial date set in October 2013, Petitioner never communicated with the PCR court regarding the dismissal, nor had he tried to alert it to the fact that counsel acted without his consent. Instead, he waited until February 15, 2014 and filed a second PCR action claiming he possessed newly discovered evidence. *Id.* The PCR judge further found that Petitioner's new evidence did not trigger the escape clause of ORS 138/550(3) because: (1) it consisted of evidence of which he was aware well before his first PCR case; and (2) the evidence he claimed to have discovered after the conclusion of his first PCR case was "an obvious fabrication." *Id.* It therefore concluded the Petition was not properly filed. The PCR judge did, however, also deny the claims on the merits "in the event that an appellate court disagrees with my above findings and legal analysis above." *Id.*

Petitioner appealed, assigning error to the PCR court's: (1) decision to exclude certain evidence he had attempted to introduce in support of his claim of actual innocence; (2) determination that the successive PCR action was untimely without justification under the "escape clause;" and (3) denial of relief on his substantive claim of actual innocence. Respondent's

Exhibit 288. The Oregon Court of Appeals affirmed the PCR court's decision without issuing a written opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 291 & 292.

On November 14, 2024, Petitioner signed and mailed his federal Petition for Writ of Habeas Corpus that initiated the instant proceeding. Respondent asks the Court to dismiss the Petition because Petitioner failed to file it within the applicable statute of limitations. Petitioner does not dispute that he did not timely file the Petition, but asks the Court to conclude: (1) that he is entitled to equitable tolling because his first PCR essentially abandoned him by dismissing his case without his consent; and (2) find that the second PCR action was properly filed such that it statutorily tolled the one-year statute of limitations applicable to this habeas corpus case.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996. The AEDPA provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners. The one-year period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

7 – OPINION AND ORDER

28 U.S.C. 2244(d)(1).

The period of direct review referenced in 28 U.S.C. § 2244(d)(1)(A) also includes the 90-day period within which a petitioner can file a petition for writ of *certiorari* with the United States Supreme Court, whether or not he actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). If a litigant files a PCR action following the conclusion of his direct review, so long as the PCR case is "properly filed," the time during which it and subsequent PCR appeals remain pending "shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In this case, 273 days elapsed between the conclusion of Petitioner's direct review on August 11, 2020 and the time he filed his first PCR action on May 11, 2011. The parties agree the first PCR case was properly filed so as to toll the AEDPA's one-year statute of limitations. However, another 3,521 days passed during the pendency of Petitioner's second PCR action, an action the PCR court determined was not properly filed.

Petitioner's disagrees with the PCR court's characterization of his case as improperly filed. He emphasizes that, aside from the procedural determination, the PCR court also reached the merits of his claims in an alternative ruling. He asserts that the Court should presume that the subsequent appellate affirmance relied on the merits analysis in affirming the decision. However, the Oregon Court of Appeals' decision was not a reasoned one, and federal habeas courts are tasked with looking to the last reasoned decision to understand the bases for denial of relief. *See, e.g., Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991). Although the PCR judge included a merits analysis in the event an appellate court might disagree with his procedural ruling, "a state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding

that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law." *Harris v. Reed*, 489 U.S. 255, 264 n. 10 (emphasis in original).

Petitioner also disagrees with the PCR court's procedural ruling that his second PCR action was untimely and improperly successive. However, such a determination is binding on a federal habeas court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Even a state court's misreading of state law is not a ground for habeas corpus relief. *Floyd v. Filson*, 949 F.3d 1128, 1146 (9th Cir. 2020).

Petitioner also maintains that his first PCR attorney essentially abandoned him by dismissing his case without his consent or knowledge, a situation he contends warrants the application of equitable tolling. Equitable tolling is available to toll the one-year statute of limitations applicable to 28 U.S.C. § 2254 habeas corpus cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A litigant seeking to invoke equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The "'extraordinary circumstances beyond a prisoner's control [must] make it impossible to file a petition on time.'" *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Brambles v. Duncan*, 330 F.3d 1197, 1202 (9th Cir. 2003)).

With respect to instances of attorney error, a lawyer's mistakes which cause a litigant to miss a filing deadline generally do not support equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007). Only where the attorney's errors are particularly egregious, or where counsel has abandoned a client altogether, will equitable tolling be warranted. *Luna v. Kernan*, 784 F.3d

640, 646 (9th Cir. 2015) (egregious attorney error); *Mackey v. Hoffman*, 682 F.3d 1247, 1253 (9th Cir. 2012) (attorney abandonment).

Petitioner attempts to characterize his attorney's behavior as abandonment, but the PCR court concluded after a lengthy hearing that Petitioner consented to the dismissal of his first PCR case and that his assertions to the contrary were not credible. Although Petitioner disagrees with these determinations, he has not identified any clear and convincing evidence that would overcome the presumption of correctness afforded such factual findings. *See* 28 U.S.C. § 2254(e)(1) (state court findings of fact are presumed correct, and a habeas petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence). The Court therefore accepts these findings as true. Because counsel did not abandon Petitioner, equitable tolling is not appropriate, and this federal habeas case is untimely by more than 3,000 days.

Even if statutory or equitable tolling of the AEDPA's statute of limitations during the entire pendency of Petitioner's second PCR action was warranted, this case would still be untimely. Petitioner allowed 273 untolled days to elapse prior to filing his first PCR action which statutorily tolled the one-year limitation period. After his second PCR case concluded, he allowed another 142 untolled days to elapse prior to filing this federal habeas case. Thus, he allowed a total of 415 untolled days to accrue, a figure that places him outside of the allowable 365-day statute of limitations.

///

///

///

///

**CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is dismissed, with prejudice. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

 March 2, 2026  
     DATE

Michael H. Simon  
United States Judge

11 – OPINION AND ORDER